## PIERCE v. GUARANTY LAUNDRY, Inc.

No. 33088.   June 15, 1948.

*194 P. 2d 875.*

396

Albert D. Lynn of Oklahoma City (Dudley, Duvall & Dudley, of Oklahoma City, of counsel), for plaintiff in error.

M. W. McKenzie and Everest, McKenzie, Gibbens & Crawford, all of Oklahoma City, for defendant in error.

WELCH, J. In this action Floyd J. Pierce sought to compel Guaranty Laundry Inc., a corporation, to recognize a certificate for one share of capital stock of the defendant held by the plaintiff, and to show transfer of the same upon the books of the corporation and to issue to plaintiff a new certificate in his name. The stock certificate in question was issued to one R. D. Cravens and bore an assignment in blank signed by R. D. Cravens. Defendant asserted that its officers were without authority to issue such stock as described in the certificate and prayed cancellation of the certificate.

The certificate contained this provision:

"The within is nonprofit sharing nondividend stock."

Judgment was entered decreeing the certificate to be void and ordering its delivery to the secretary of the corporation for cancellation. Plaintiff appeals.

Plaintiff contends "the insertion in the certificate of stock of the provision that it was to be nondividend, nonprofit sharing stock did not render it void."

The trial court found that the certificate called for a class of stock different from the other shares of stock which had up to that time been issued and which were issued subsequent to that time. All other certificates issued by the defendant mentioned ownership of shares of the capital stock of the corporation without any limitation or condition in reference to such stock. It is conceded by the plaintiff that the corporation was authorized to issue only one kind of stock, to wit: Common stock. The only reference to stock in the articles of incorporation of the defendant is as follows:

"That the amount of capital stock of this corporation shall be $10,000.00 and shall be divided into 100 shares with a value of $100.00 each."

As noted in 13 Am. Jur. Corporations, 204, 205:

"The issuance of stock by a corporation is regulated and controlled exclusively by the law of the state of its incorporation, consequently, the validity of an issue of corporate stock is to be determined solely by that law. . . . (205) The power to issue stock is ordinarily granted specifically by the statute under which a corporation is formed. Such express authorization is essential, inasmuch as the power to issue stock is held not to be among the incidental or implied powers of a corporation. An issue of stock unauthorized by law is void. . . ."

Our statutes authorize the issuance of stock of a restricted or qualified class only when such restriction or qualification shall be stated and expressed in the articles of incorporation or an amendment thereof.

18 O.S. 1941 §15 provides:

"Articles of incorporation must be prepared setting forth: . . .

"Sixth. If there be capital stock, its amount and the number of shares into which it is divided; and every corporation shall have power, by so providing

in its articles of incorporation or an amendment, to create two or more classes of stock with such designations, preferences and voting powers, restrictions or qualifications thereof as shall be stated and expressed in the articles of incorporation or an amendment thereof; . . . ."

Neither the articles of incorporation by which the defendant corporation was formed, nor an amendment thereof provided for a class of stock as mentioned in the certificate held by the plaintiff. Clearly, the issue of stock as mentioned in the certificate was unauthorized by law and void.

Plaintiff seeks to avoid the effect of the provision in the certificate that "the within is nonprofit sharing nondividend stock," on equitable grounds, asserting that he performed a valuable service to the corporation under an agreement with the president that he was to receive a share of stock in the corporation; that said officer did not disclose the kind of stock, but plaintiff had a right to presume the stock would be of a kind the corporation was authorized to issue; that the share of stock issued with a limitation written upon its face violated the agreement, and in equity the limiting language should be treated as surplusage and ignored.

The record reflects that long after the corporation had been formed and had been engaged in the laundry business, the certificate in question was issued and delivered to one R. D. Cravens with a proposal by the president of the corporation that the said Cravens furnish a list of names of prospective customers for the share of stock. Cravens kept the certificate a few days, but furnished no list and then executed the assignment on the back of the certificate in blank and returned the certificate to the president. The president thereafter made the same proposal to plaintiff and plaintiff furnished a list of names as likely laundry customers. The certificate was then delivered to and accepted by plaintiff. At the time of delivery and acceptance the plaintiff and the president discussed the limited character of the share of stock and its difference from the other stock issued by the corporation.

There was no discussion in reference to the validity of the share of stock. Both the president and the plaintiff were presumed to know the law and the provisions of the articles of incorporation on file in a public office as provided by law. There was no concealment from plaintiff of the facts in reference to the share of stock, and plaintiff, with knowledge of the facts, accepted the certificate. It does not appear that the issuance of the stock certificate by the corporation violated the agreement between the parties.

Plaintiff asserts, "the corporation by acceptance of the benefits is estopped from objecting to the validity of the certificate."

Plaintiff, after performing the services, chose to accept the certificate with full knowledge of these facts as noted above, he was not misled into acceptance of the certificate by a misrepresentation or a concealment of the facts. Under the circumstances the doctrine of estoppel has no application.

Argument is made that the issuance of this purported share of stock, and the alleged contract to issue same, were without authority of the corporation, and without consideration, and that therefore the certificate is void, citing article 9, §39, Oklahoma Constitution; Webster v. Webster Refining Co., 36 Okla. 168, 128 P. 261; Lee v. Cameron, 67 Okla. 80, 169 P. 17; Bently v. Zelma Oil Co., 76 Okla. 116, 184 P. 131, and other authorities. However, we deem it not necessary to discuss that contention, in view of our conclusions heretofore stated.

The judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, CORN, GIBSON, and LUTTRELL, JJ., concur.